UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Crystal Farms Refrigerated Distribution Company, | ) ) ) | |
| Plaintiff, | ) ) | Civil File No. _____ |
| v. | ) ) | |
| Dierbergs Markets, Inc., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Crystal Farms Refrigerated Distribution Company ("Crystal Farms"), for its Complaint against Defendant Dierbergs Markets, Inc., states and alleges as follows:

### THE PARTIES

1. Crystal Farms is a Minnesota corporation with its principal place of business located at 301 Carlson Parkway, Suite 400, Minnetonka, Minnesota 55305. Crystal Farms is a food company that has built a reputation for delivering quality cheese products to the consuming public.

2. Upon information and belief, Dierbergs Markets, Inc. is a Missouri corporation with its principal place of business in Chesterfield, Missouri. Dierbergs owns and operates a number of grocery stores in Missouri and Illinois. Among other things, Dierbergs markets and sells retail food products under its own in-house brand.

3. Crystal Farms brings this lawsuit because of Dierbergs' wrongful attempt to mislead the consuming public by capitalizing on Crystal Farms' valuable trademark rights.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.* and the common law.

5. This Court has subject matter jurisdiction over Crystal Farms' claims under 15 U.S.C. §§ 1116, 1121 and 28 U.S.C. §§ 1331, 1338 (a)-(b), 1367.

6. This court has personal jurisdiction over Dierbergs in that Dierbergs does business and resides in the State of Missouri and in this District.

7. Venue is proper under 28 U.S.C. § 1391(b)-(c).

## CRYSTAL FARMS' TRADEMARK RIGHTS

8. Crystal Farms was founded in 1926. Crystal Farms is a leading distributor of refrigerated, dairy-case products sold in over 10,000 grocery stores across 45 states, including Missouri and Illinois.

9. Crystal Farms' products include cheese, eggs, butter, margarine, refrigerated potato products, bagels and English muffins. Crystal Farms is the third-largest brand of shredded, chunk and processed cheese in the United States.

10. Crystal Farms has continuously and prominently used the term SIGNATURE SELECTIONS® in interstate commerce to market certain cheese products since at least October 15, 2006. During this time, the SIGNATURE SELECTIONS® mark has been consistently and successfully used to brand special cheese combinations marketed under the Crystal Farms label, including "Sun Dried Tomato Basil," "Chipotle Cheddar," "Mild Roasted Red Pepper," and "3 Pepper Cheese."

11.     Crystal Farms owns United States Trademark Registration No. 3,510,152 for the word mark SIGNATURE SELECTIONS® for use with cheese, specifically excluding cream cheese. This registration is outstanding and valid.

12.     Crystal Farms has invested substantial resources to develop brand equity, public recognition, and goodwill in the SIGNATURE SELECTIONS® mark.

13.     As a result of these efforts, consumers associate the SIGNATURE SELECTIONS® mark with Crystal Farms cheese, and the mark is a highly valuable asset representing substantial good will.

## DIERBERGS' WRONGFUL CONDUCT

14.     Dierbergs is now attempting to trade upon Crystal Farms' success and the good will associated with the SIGNATURE SELECTIONS® mark. Dierbergs is using the name SIGNATURE SELECTIONS in interstate commerce to market and sell packaged cheese products in its stores.

15.     Not only is Dierbergs using the exact same words to market the same products, but it has also employed a script strikingly similar to the script used by Crystal Farms (ornamental cursive writing with an oversized "S" at the beginning of each word) in marketing Dierbergs' cheese products under the SIGNATURE SELECTIONS brand:

3





16.     Dierbergs' actions are intended to and are likely to cause consumers to erroneously believe that Dierbergs' SIGNATURE SELECTIONS cheese products are associated with or emanate from Crystal Farms.

17.     Dierbergs' unauthorized use of the name SIGNATURE SELECTIONS is infringing Crystal Farms' trademark rights.

18.     Since learning of Dierbergs' actions, Crystal Farms has made multiple demands that Dierbergs stop its wrongful and harmful behavior and has given Dierbergs notice of Crystal Farms' federal registration. Despite these efforts, Dierbergs continues to take advantage of the

4

goodwill and quality associated with Crystal Farms' mark and goods, and to intentionally confuse consumers.

19. By reason of Dierbergs' actions, Crystal Farms has and will suffer damage to its business, reputation and goodwill and the loss of sales and profits Crystal Farms would have enjoyed but for Dierbergs' acts.

20. Crystal Farms has no adequate remedy at law. If Dierbergs' activities are not enjoined, Crystal Farms will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT ONE
## Trademark Infringement In Violation of Section 32 of the Lanham Act

21. Crystal Farms realleges all previous paragraphs.

22. Dierbergs' conduct described in the foregoing paragraphs constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act.

23. Dierbergs' conduct is causing, and will continue to cause, irreparable harm to Crystal Farms unless it is enjoined by this Court.

24. On information and belief, Dierbergs acted deliberately and willfully in attempt to trade upon the goodwill associated with the SIGNATURE SELECTIONS® mark.

25. Crystal Farms has suffered damages as a result of Dierbergs' infringement in an amount to be proven at trial.

## COUNT TWO
## False Designation of Origin In Violation of Section 43(a) of the Lanham Act

26. Crystal Farms realleges all previous paragraphs.

27. Dierbergs has used Crystal Farms' mark SIGNATURE SELECTIONS® on goods that are of the same general nature and type as Crystal Farms' goods. Dierbergs' use of the mark SIGNATURE SELECTIONS is likely to cause confusion among the general purchasing public.

28. By misappropriating and using the mark SIGNATURE SELECTIONS, Dierbergs misrepresents and falsely describes to the general public the origin and source of Dierbergs' products and creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such goods.

29. Dierbergs' conduct creates express and implied misrepresentations that Dierbergs' goods were created, authorized or approved by Crystal Farms, all to Dierbergs' profit and Crystal Farms' damage and injury.

30. Dierbergs' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Dierbergs' use of the mark SIGNATURE SELECTIONS in interstate commerce constitutes false designation of origin and unfair competition.

31. Crystal Farms has no adequate remedy at law. If Dierbergs' activities are not enjoined, Crystal Farms will continue to suffer irreparable harm and injury to its goodwill and reputation.

32. On information and belief, Dierbergs acted deliberately and willfully in attempt to trade upon the goodwill associated with the SIGNATURE SELECTIONS® mark.

33. As a result of Dierbergs' activities, Crystal Farms has been damaged in an amount to be proven at trial.

## COUNT THREE
## Common Law Trademark Infringement

34. Crystal Farms realleges all previous paragraphs.

35. Crystal Farms has built up valuable goodwill in the mark SIGNATURE SELECTIONS®.

36. Dierbergs' unauthorized use of the mark SIGNATURE SELECTIONS is likely to and does permit Dierbergs to sell its infringing products to the general public, to the detriment of Crystal Farms and the unjust enrichment of Dierbergs. Such acts by Dierbergs are likely to cause confusion as to the source and/or sponsorship of Dierbergs' infringing products.

37. Dierbergs acts constitute willful infringement of Crystal Farms' exclusive rights in the SIGNATURE SELECTIONS® mark, in violation of state common law.

38. Crystal Farms has suffered damages as a result of Dierbergs' infringement in an amount to be proven at trial.

39. Crystal Farms has no adequate remedy at law. If Dierbergs' activities are not enjoined, Crystal Farms will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT FOUR
### Unfair Competition

40. Crystal Farms realleges all previous paragraphs.

41. Crystal Farms has built up valuable goodwill in the mark SIGNATURE SELECTIONS®.

42. Dierbergs has traded on the goodwill associated with the SIGNATURE SELECTIONS® mark. These acts have caused and continue to cause confusion as to the source and/or sponsorship of Dierbergs' infringing products. Therefore, Dierbergs has committed unfair competition in violation of state common law.

43. On information and belief, Dierbergs acted deliberately and willfully in attempt to trade upon the goodwill associated with the SIGNATURE SELECTIONS® mark.

44.     As a result of Dierbergs' unfair competition, Crystal Farms has suffered damages in an amount to be proven at trial.

45.     Crystal Farms has no adequate remedy at law.  If Dierbergs' activities are not enjoined, Crystal Farms will continue to suffer irreparable harm and injury to its goodwill and reputation.

## JURY DEMAND

46.     Crystal Farms demands a jury trial.

**WHEREFORE**, Crystal Farms asks the Court to:

1.      Enter judgment in favor of Crystal Farms in an amount to be proven at trial;

2.      Enjoin Dierbergs and its officers, directors, managing agents and anyone acting in concert with or under the control or direction of Dierbergs from using the name SIGNATURE SELECTIONS or any other name that is confusingly similar to the SIGNATURE SELECTIONS mark to market or sell dairy products;

3.      Require Dierbergs to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in its possession, custody, or control that depict or reference the SIGNATURE SELECTIONS mark in connection with dairy products;

4.      Require Dierbergs to account to Crystal Farms for any and all profits derived by Dierbergs from the sale of its infringing goods and for all damages sustained by Crystal Farms by reason of Dierbergs' acts of infringement and unfair competition;

5.      Award Crystal Farms the costs and attorneys' fees incurred in this action;

6.      Award enhanced damages under 15 U.S.C. § 1117(a) because of the willful nature of the infringement; and

7. Grant any other relief the Court deems just and equitable.

Dated: March 1, 2010   By: _____

HARNESS, DICKEY & PIERCE, PLC
Rudolph A. Telscher, #8578
Kara Yancey, #503030
Molly Edwards, #508825
7700 Bonhomme, Suite 400
St. Louis, MO 63105
TEL: (314) 726-7500
FAX: (314) 726-7501

and

Cynthia A. Moyer (Minn. #211229)
Sarah C.S. McLaren (Minn. #345878)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077
cmoyer@fredlaw.com
smclaren@fredlaw.com

*Pro Hac Vice Applications To Be Filed*

**ATTORNEYS FOR PLAINTIFF CRYSTAL FARMS REFRIGERATED DISTRIBUTION COMPANY**

4699589_1.DOC
60645081.1